UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

MELISSA MCCLAIN,            )
                                )
           Plaintiff,         )
                                )
v.                              )     Case No. 1:26-cv-00093-SNLJ
                                )
MENARD, INC. and        )
JOHN DOE,               )
                                )
           Defendants.     )

## MEMORANDUM AND ORDER

This matter is before the Court for case review on the issue of jurisdiction following removal from state court by defendant Menard, Inc.  A defendant may remove an action from state court to federal court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441.  "Federal courts are courts of limited jurisdiction" and "[t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*  Because jurisdiction is a threshold question, "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

Defendant Menard alleges there is diversity jurisdiction, which requires that (1) the amount in controversy exceeds $75,000 and (2) there is complete diversity of citizenship.  28 U.S.C. § 1332(a).  "If any plaintiff is a citizen of the same state as any

defendant, there is not complete diversity." *Great River Entm't, LLC v. Zurich Am. Ins. Co.*, 81 F.4th 1261, 1262 (8th Cir. 2023).  Defendant John Doe's identity and citizenship have not been established by plaintiff's First Amended Petition or defendant Menard's Notice of Removal.  Instead, defendant Menard merely states that John Doe is a "resident" of the State of Florida and offers a warranty deed for Florida property. Alleging that an individual is a "resident" of a state is not sufficient to determine his or her citizenship for purposes of 28 U.S.C. § 1332(a).  *Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777-78 (8th Cir. 2014) ("Because of this ambiguity in the word 'resident'—as compared to 'citizen' and the unambiguous 'reside'—we cannot satisfy ourselves that diversity jurisdiction is proper based solely on an allegation a party is (or was) a 'resident' of a particular state"); *Hargett v. RevClaims*, LLC, 854 F.3d 962, 965 (8th Cir. 2017) (noting that the term "citizen" in 28 U.S.C. § 1332 "has long meant something different from resident'").  Further, defendant Menard has not shown that John Doe is the individual named in the warranty deed.

Because the removing party has failed to establish diversity jurisdiction, it is ordered to show cause within 14 days as to why this case should not be remanded to state court.

Additionally, the discovery motions filed by plaintiff [Docs. 8 and 9] are denied without prejudice.  The motions pertain to discovery propounded in state court.  Federal Rule of Civil Procedure 37 is the mechanism for enforcing discovery in federal court, and it permits a party to enforce discovery propounded under the Federal Rules; it does not authorize a federal district court to compel discovery served under state procedural rules

prior to removal.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Menard shall show cause within 14 days as to why this case should not be remanded to state court.

**IT IS FURTHER ORDERED** that plaintiff's discovery motions [Docs. 8, 9] are **DENIED** without prejudice.

**SO ORDERED** on this 19th day of May, 2026.


_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE