UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MELISSA MCCLAIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:26-cv-00093-SNLJ |
| | ) | |
| MENARD, INC. *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Strike Defendant's Privilege Designation and Compel Discovery Responses. [Doc. 33]. For the reasons set forth below, the motion is denied.

**I. BACKGROUND**

This case arises from plaintiff Melissa McClain's ("plaintiff") June 10, 2023 fall in defendant Menard, Inc.'s ("defendant") bathroom. [Doc. 33 at p. 1]. On June 12, 2023, plaintiff, then unrepresented, sent a letter to defendant complaining about this fall, which defendant received on June 26, 2023. [Docs. 33-1, 33-3]. Two and a half years later, on February 27, 2026, plaintiff served requests for production on defendant seeking "statements made by any person with knowledge" of the petition information, "accident and incident reports," and "communications in Defendant's possession regarding the subject incident." [Doc. 33 at p. 8]. Defendant responded with a privilege log that claimed several of the responsive documents were privileged under the doctrine of work-product or insurer-insured privilege. [Doc. 33-3]. These comprised "statement[s] from

employees who responded" to the incident, emails "regarding the fact investigation," an "internal report regarding claim," and a "notice of claim," all created shortly after defendant received the plaintiff's letter. [Doc. 33-3].

Plaintiff filed the instant motion arguing that the Court should strike the privilege designations because the documents were created before there was a reasonable anticipation of litigation. [Doc. 33 at p. 5]. She also argues that even if the documents are work product, they are ordinary work product, and the Court should compel their production due to her substantial need and inability to obtain the substantial equivalent by other means. [Doc. 33 at pp. 6-7].

In response, defendant argues that it anticipated litigation after receiving plaintiff's letter on June 26, 2023. [Doc. 35 at p. 3]. It also argues that plaintiff failed to demonstrate substantial need and that the insurer-insured privilege protects communications with Gallagher-Bassett, its insurance company for whom it claims to have created some of the documents. [Doc. 35 at pp. 9, 11].

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 26,

> [A] party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> (i) they are otherwise discoverable under Rule 26(b)(1); and
>
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed. R. Civ. P. 26(b)(3)(A).

**A. In Anticipation of Litigation.**

The party seeking work product protection has the burden to prove that the materials were prepared in anticipation of litigation, that is, "because of the prospect of litigation." *PepsiCo, Inc. v. Baird, Kurtz & Dobson LLP*, 305 F.3d 813, 817 (8th Cir. 2002). "[T]he mere possibility that litigation may result is not sufficient to trigger the protection of the work product doctrine." *In re Advanced Pain Centers Poplar Bluff v. Ware*, 11 F. Supp. 3d 967, 973 (E.D. Mo. 2014). However, "the fact that litigation may still be a contingency at the time the document is prepared has not been held to render the privilege inapplicable, if the prospect of litigation is identifiable because of the specific claims that have already arisen." *McConnell v. Farmers Ins. Co.,* No. 07-4180-CV-C-NKL, 2008 WL 510392, at *1 (W.D. Mo. Feb. 25, 2008) (cleaned up); see also *Fontaine v. Sunflower Beef Carrier, Inc.,* 87 F.R.D. 89, 93 (E.D. Mo. 1980) ("Though no suit had been filed, it was apparent who the plaintiff would likely be, and what the claims would likely concern."). The Court should examine the "nature of the document and the factual situation" to determine whether a document has been prepared in anticipation of litigation. *S.T. Specialty Foods, Inc. v. Copesan Servs. Inc.,* No. 19-CV-0339 (NEB/HB), 2020 WL 30281, at *4 (D. Minn. Jan. 2, 2020).

**B. Substantial Need.**

"A party also does not demonstrate substantial need when it merely seeks corroborative evidence." *Baker v. Gen. Motors Corp.,* 209 F.3d 1051, 1054 (8th Cir. 2000). "Discovery of work product will be denied when the requesting party can obtain

the desired information via deposition." *Lloyd's Acceptance Corp. v. Affiliated FM Ins. Co.,* No. 4:05 CV 1934 DDN, 2012 WL 1389708, at *6 (E.D. Mo. Apr. 23, 2012). "[A party's] desire to obtain immediate factual observations unmarred by the passage of time does not rise to the level of substantial need imposed by Rule 26." *Schipp v. Gen. Motors Corp.,* 457 F. Supp. 2d 917, 924 (E.D. Ark. 2006) (cleaned up).

However, a deposition is not a substantial equivalent when a deponent "is unable to recall a significant amount of information." *Id.* There has also been a finding of substantial need when "replication of the [sought materials] would involve duplication of effort and considerable delay and expense." *In re Chrysler Motors Corp. Overnight Evaluation Program Litig.,* 860 F.2d 844, 846 (8th Cir. 1988). "What 'substantial need' is depends on the facts and circumstances of the individual case . . . ." *Pemberton v. Republic Servs., Inc.,* 308 F.R.D. 195, 202 (E.D. Mo. 2015).

## III. DISCUSSION

### A. In Anticipation of Litigation.

The parties disagree as to whether the requested documents constitute ordinary work product, specifically whether the anticipation of litigation element is satisfied. In particular, they dispute whether the plaintiff's June 12, 2023, letter suggested a prospect of litigation.

The Court concludes that the letter did suggest the prospect of litigation. The letter identifies a specific grievance, namely, the plaintiff's concern that the defendant's employees treated her "as if [she] didn't matter" in the moments after her fall. [Doc. 33-1]. It also describes the effects of the plaintiff's fall, including her "miss[ed] time due to

being banged up," "busted kneecaps with bruising, and a twisted left ankle." [*Id*.Doc. 33-1]. The letter contemplates further communication regarding the matter, stating, "I will leave it to you to see how you think it is best to move forward." [*Id*.Doc. 33-1]. These circumstances suggest that the plaintiff did not send the letter without a purpose. The letter is reasonably understood as seeking some form of consideration in response to the grievance, even though the plaintiff left it to the defendant to determine what that consideration should be. In other words, a "specific claim" had arisen. *McConnell*, 2008 WL 510392, at *1. Further, it is a reasonable assumption that failing to provide the plaintiff with some form of consideration carried a meaningful risk of litigation, rather than presenting only a "mere possibility." *In re Advanced Pain Centers Poplar Bluff*, 11 F. Supp. 3d 967 at 973. "Though no suit had been filed, it was apparent" that Melissa McClain "would likely be" the plaintiff and that "the claim would likely concern" her June 10, 2023, fall at the defendant's store. *Fontaine*, 87 F.R.D. 89 at 93.

Plaintiff argues that the letter did not suggest a prospect of litigation because it came from an unrepresented party who says "[l]uckily for Menards my first thought was not let me call an attorney . . . . I am not that kind of a person." [Doc. 33-1]. However, this does not suggest a permanent unwillingness on the part of plaintiff against becoming represented. Instead, it merely explains that hiring an attorney was not plaintiff's first thought and she is not the type to have that first thought. This line serves at once to better dispose defendant to give plaintiff something out of appreciation for her nonescalation and good nature and simultaneously to insinuate escalation.

The Court concludes that the materials sought were created because of the prospect of ligation. First, the defendant's employees created the materials sought very soon after defendant received notice of the prospect of litigation represented by the letter. Indeed, most of the documents were created within two days of defendant's receipt. Such close timing suggests defendant was responding to the prospect of litigation. Second, the nature of the documents suggest they were created because of the prospect of litigation. *S.T. Specialty Foods, Inc.,* No. 19-CV-0339 (NEB/HB), 2020 WL 30281, at *4. "Statement[s] from employees who responded" to the incident, emails "regarding the fact investigation," an "internal report regarding claim," and a "notice of claim" would all be of use in the event of litigation and of doubtful usefulness were there really no chance of litigation. [Doc. 33-3].

**B. Substantial Need.**

The parties also disagree about whether plaintiff has a substantial need for the documents and an inability to obtain the information sought by other means. Plaintiff argues that depositions would not yield the uncoached, semi-contemporaneous accounts of events, and that these accounts would serve to guide her depositions. [Doc. 33 at pp. 6-7]. Defendant argues that depositions will suffice. [Doc. 35 at p. 10].

The Court finds that the plaintiff has not shown substantial need and inability. Plaintiff can depose the people who created the documents she seeks. While it may be that they have forgotten significant amounts of information in the intervening years, memories can be refreshed by those documents before deposition. The Court is unwilling to compel production under these circumstances.

Because the Court concludes that the documents are privileged as work product, it is unnecessary to determine the applicability of the insurer-insured privilege.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Defendant's Privilege Designation and Compel Discovery Responses [Doc. 33] is **DENIED.**

**SO ORDERED** this 29th day of October, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE